JOHN DOE, *ex dem.* MARTHA WENTWORTH,
*against*
ELIJAH STRONG and JOHN STRONG, Tenants.

THIS was an action of ejectment, wherein the plaintiff demanded the possession of 500 acres of land in *Bridgwater,* being the late Governor of *New-Hampshire's* right, as by the charter issued appears, lying in the north-east corner of said town.

Doe
v.
Strong.

Common rule entered; lease, entry and ouster confessed, and agreement to insist only on the title. General issue tendered, joined, and put to the Jury.

Defendants conceded the title in the plaintiff until the year 1781, and that they were in possession of the premises demanded.

*Daniel Buck*, for defendants. We shall shew, that in the year 1781, the town of *Bridgwater* was held in common among the proprietors under the charter; that by act of the Legislature a State tax, commonly called the *ten shillings* tax, was granted the same year. In pursuance of this act, the land was legally sold at public vendue; and our clients hold in fee under this sale.

*Vermont* Stat.
vol. 2. p. 217.

A sheriff's return of a vendue sale for the non-payment of what is commonly called the ten shillings tax, is *illegal* if he states that he has located more land in any one section of a township than that quantity for which the lowest bidder offered to pay the tax on that particular section.

We shall first shew a warrant issued by the Treasurer of the State, directing the sheriff of *Windsor* County to vend the lands in *Bridgwater* for the non-payment of the tax, with the return on the warrant, attested by the sheriff, and recorded in the County Clerk's office, which the act declares shall make a good title to the purchaser, to the exclusion of all other claims.

*Charles Marsh.* We object to the return of the sheriff being read to the Jury. It is not warranted by the act; and therefore illegal. By his return it appears, that the sheriff set up for sale seven hundred acres of land, including the Governor's right, for the payment of the taxes due on said seven hundred acres. A person being the lowest bidder, offered by his bid to pay the taxes on this quantity of land for fifty acres. The sheriff set off to him fifty acres in

the north-east corner of the town, being the north-east corner of the Governor's right. He then set up for sale a second seven hundred acres, and a person bidding to pay the taxes on this quantity of land for fifty acres, he set off another fifty acres of land within the Governor's right, next adjoining and parallel with the former fifty acres; and so *toties quoties* until he had sold and absorbed the whole Governor's right. The title set up by the defendants is derived from these transactions.

*Daniel Farrand*, on the same side. We shall contend that the Governor of *New-Hampshire's* rights in the towns in this State, granted by the government of that then Province, are held in severalty from the other charter proprietors; that this mode of sale would go to sacrifice the whole of the Governor's right for the non-payment of the taxes assessed on the whole township.

*Buck.* The township of *Bridgewater* was not holden in severalty at the time of the sheriff's sale. No part of it was thus holden. The sheriff had therefore a legal right to locate in such part of the township as he judged expedient, such quantities and parcels of land as were severally sold for the non-payment of taxes on such proportions as were set up for sale. There could no injury result from it to the proprietors, as it would be only taking so much land from the common stock. Indeed it might be more convenient for the proprietors to have all such parcels of land located together, as the locating such parcels

of land indiscriminately in various parts of the township, might much perplex a future proprietary division. But it is said with peculiar confidence, that the Governor's right was holden in severalty. If this was the case, we concede the sheriff's proceedings are void; and we are willing here to rest the argument, that if the Governor's right was holden in severalty, the sheriff's sale is bad. But we call upon the defendants for proof of severalty by division, location, or other circumstances usually accompanying a severalty.

*Farrand.* The severalty of the Governor's right had taken place by the charter. Reference in the body of it is made to a plan of the town indorsed, which plan describes the outlines of the township of *Bridgewater*, and delineates a plot of five hundred acres for the Governor's right in the north-east corner of the town, where the Governor's right, it is peremptorily declared by the charter, shall be located. *Benning Wentworth*, Governor of *New-Hampshire*, grantee of the Governor's right, could take his land in no other part of the town.

The proceedings of the sheriff, as exhibited by his return, went to submit the Governor's right to pay the whole taxes of the town. The regular mode would have been, first to have set up the Governor's right for sale, and then located within it such parcel of land as the lowest bidder was willing to accept, for the payment of the taxes assessed upon it; then to have exposed to sale some other quantity and parcel of land within the township held by the proprietors in

common, and located within the parcel exposed to sale, such quantity of acres as another bidder might by his bid be willing to receive, and respond the taxes upon it; and so on until the whole town was exposed to sale.

*Buck.* Upon further investigation of the act it appears, that the plaintiff's right of action as against the feoffees under the sheriff's sale, is taken away. The 7th section enacts, " And lest injustice be done to any person, by having more of his land sold than enough to amount to his rate or proportion of the tax, be it further enacted, that if any person shall have more of his land sold than his proportion, he shall have a right of action and recovery against the person or persons who are delinquents with him, either in whole or in part, for their proportion, according to their interest of the value of the land so sold according to the appraisal of indifferent men at the time of such recovery."

*Vermont* Stat.
vol. 2. p. 220,
221.

It appears the Legislature contemplated this very case. If the plaintiff had more of her land sold than enough to amount to her rate or proportion of the tax, she has a right of action and recovery against the other proprietors. This we contend has tolled her entry and barred her action of ejectment.

*Farrand.* If the gentleman had investigated a little further, he would have discovered, that the 7th section speaks no such language as may be conjectured from a superficial view of it, but that it goes to enforce the construction we contend for.

The person who has more of his lands sold than enough to amount to his rate or proportion of the tax, is one who holds undivided or unsevered lands in common with others, and his action lies against *those who are delinquent with him*, that is, against those who are tenants in common with him, not against him or her who holds land in severalty.

The late Governor of New-Hampshire's rights of land reserved to him by the several charters, are not considered as holden in common with the other proprietors of the the respective townships.

By the Court. The Governor's right in the *New-Hampshire* charters has been considered as located by every judgment of this Court where this point has been made, for fifteen years past. It is by the charter severed and not holden in common with the lands of the other proprietors.

But if the Governor's right lay in common, and the sheriff could proceed in the mode exhibited by his return on the Treasurer's warrant by connivance with the purchasers, he might select and vend all the best land in the township.

The true construction of the act is, that in towns where proprietary real property is found, or where lands are held in common, the sheriff may expose such lands to sale in such proportions as he might judge expedient. The Court consider, however, that as the present act granted a tax of ten shillings on each hundred acres, not more than one hundred acres ought to have been put up for sale at one time. When the sheriff had thus exposed to sale a section of the lands held in common, such part as was actually sold should have been located within the limits of the tract exposed to sale at that time. What remained should have been also exposed to sale in sections, and every

parcel ·sold located within that which passed under
the sheriff's mallet.    The sheriff's return cannot be
admitted in evidence.

Doe<br>v.<br>Strong.

Verdict for the plaintiff.

*Daniel Farrand* and *Charles Marsh*, for plaintiff.
*Daniel Buck*, for defendant.